ORIGINAL FILED

07 MAY 14 AM 11: 37

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  CHARLES F. PREUSS (State Bar No. 45783)
2  BRENDA N. BUONAIUTO (State Bar No. 173919)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510
5
6  Attorneys for Defendants

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JCS

MELONEY WRIGHT and DONNY WRIGHT, wife and husband; DANYELL BACON, a single woman; DIANA BURK, a single woman; TIMA LEIPHART, a single woman; NUBIA FLORES, a single woman; MOLLY KIRKPATRICK, a single woman; REYNALDA ALVARADO, a single woman; GAYLE ANDERSON, a single woman; VERONIQUE PETERS and DONNY PETERS, wife and husband; LAKEYA BASKOM, a single woman; TIFFANY LILLIE, a single woman; and LORRAINE FONTANILLA-WEBBER, on behalf of her minor daughter, ASHLEY WEBBER,

Plaintiffs,

v.

ORTHO-MCNEIL CORPORATION, a foreign corporation; JOHNSON & JOHNSON, a foreign corporation; JOHNSON & JOHNSON SERVICES, INC., a foreign corporation; JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., a foreign corporation; JOHNSON & JOHNSON RESEARCH & DEVELOPMENT, L.L.C., a foreign corporation; JOHNSON &JOHNSON CONSUMER COMPANIES INC., a foreign corporation; MCKESSON CORPORATION, a Delaware corporation; ALZA CORPORATION, a California corporation aka ALZA DEVELOPMENT

Case C 07 2541

**NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**

aka ALZA INTERNATIONAL, INC., and DOES 1-50,

Defendants.

**TO THE CLERK OF THE COURT:**

Defendants Ortho-McNeil Pharmaceutical, Inc. (erroneously sued herein as "Ortho-McNeil Corporation") ("OMP"), Johnson & Johnson ("J&J"), Johnson & Johnson Services, Inc. ("JJSI"), Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), Johnson & Johnson Pharmaceutical Research & Development, L.L.C. ("JJPR&D"), and Johnson & Johnson Consumer Companies, Inc. ("JJCC") (collectively, "defendants") remove to this Court the state court action described below, based on diversity of citizenship, pursuant to 28 U.S.C. §1332. As detailed here, the Court should disregard the citizenship of defendants Alza Corporation (erroneously sued herein as "Alza Corporation aka Alza Development aka Alza International, Inc.") ("Alza") and McKesson Corporation ("McKesson") because plaintiffs fraudulently joined those parties.

**BACKGROUND**

1.  On February 14, 2007, the Phoenix, Arizona law firm of Phillips & Associates filed a personal injury action in the Superior Court of California, County of San Francisco, entitled *Meloney Wright, et al. v. Ortho-McNeil Corporation, et al.*, Case Number CGC-07-460481, sounding in failure to warn and fraudulent concealment. A copy of the Complaint in that state court action (the "Complaint") is attached as Exhibit A to the accompanying Declaration of Brenda N. Buonaiuto ("Buonaiuto Dec.").

None of the fourteen plaintiffs, only three of whom even reside in California, allege to have any connection to San Francisco County. (Complaint ¶¶ 1-12.) The majority of the plaintiffs, who are residents of Arizona or Iowa, have no alleged connection to the State of California at all. (*Id.*) Plaintiffs' claims have nothing in common, other than that they all allege to have used Ortho Evra®. (*See* Complaint.)

Plaintiffs allege causes of action for Negligence, Strict Liability [Design Defect and Failure to Warn], Breach of Express Warranty, Breach of Implied Warranty, Fraudulent Misrepresentation, Fraudulent Concealment, Medical Monitoring and Proper Labeling, Violation of Business & Profession Code Sections 17200 and 17500, and Loss of Consortium. Although devoid of any factual allegations against them, plaintiffs' Complaint includes as defendants Alza, a Delaware corporation, with its principal place of business in Mountain View, California, and McKesson, a Delaware corporation, with its principal place of business in San Francisco, California. (Buonaiuto Dec. ¶ 7; Declaration of Greg Yonko, filed in *Abel, Theresa, et al. v. Ortho-McNeil Pharmaceutical, Inc., et al.*, USDC ND CA Case No. C 06 7551 SBA ("Yonko Dec."), attached to the Buonaiuto Dec. as Exhibit B, ¶ 2.) Alza is a subsidiary of J&J, whose role was limited to serving as the manufacturing site (from 2002 to 2006) of Ortho Evra® patches for OMP, another separate and distinct J&J subsidiary. (Affidavit of Alejandro Hojas ("Hojas Aff.") ¶ 3; Buonaiuto Dec. ¶¶ 4, 7.) McKesson is a non-exclusive distributor of the patches. (Buonaiuto Dec. ¶ 8.) Neither company is or was responsible for the labeling or prescribing information for Ortho Evra. (Hojas Aff. ¶ 6; Yonko Dec. ¶¶ 5, 7.) Neither company was involved in post-marketing surveillance of the product. (Hojas Aff. ¶ 5; *see generally* Yonko Dec.)

## BASIS FOR JURISDICTION

2. <u>Basis for Jurisdiction in this Court</u>. This Court has original jurisdiction over this action, and defendants may properly remove to this Court, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship of all named parties not fraudulently joined. 28 U.S.C. §§ 1332, 1441(a).

    a. <u>Amount in Controversy</u>. Pursuant to California Code of Civil Procedure Section 425.10(b), the amount of damages sought by plaintiffs is not stated in the Complaint. However, plaintiffs allege that they have been "permanently and severely injured, having suffered serious consequences from the use of Ortho Evra [and] require

and will require ongoing medical care and treatment." (Complaint ¶ 49.) They allege "diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages." (*Id.* ¶ 62.) Plaintiffs claim "medical losses and costs includ[ing] care for hospitalization, physician care, monitoring, treatment, medications, and supplies," "mental and physical pain and suffering," and "loss of wages and wage-earning capacity." (*Id.*)

Plaintiffs further claim "mental anguish" and "emotional distress." (Complaint ¶ 50, 52.) Plaintiffs allege that Donny Wright and Donny Peters have suffered loss of "consortium, society, comfort, protection, and service, thereby causing and continuing to cause grief, sorrow, mental anguish, emotional distress and pain and suffering." (*Id.* ¶ 135.) Plaintiffs further allege that defendants have engaged in conduct giving rise to punitive damages. (*See e.g.* Complaint ¶¶ 63, 75, 82, 92, 101, 109, and 127.)

Given the nature of plaintiffs' claims, and a review of damages awards and settlement amounts in this judicial district, in cases involving allegations of serious injuries from the use of prescription drugs or medical devices, it is reasonably believed that, if plaintiffs succeeded in proving the allegations of the Complaint, they would each recover a minimum of $75,000 in damages. (Buonaiuto Dec. ¶ 15.) Indeed, plaintiffs claiming substantially similar injuries in the Ortho Evra® MDL have specifically alleged that the amount in controversy in their respective actions exceeds $75,000, exclusive of interest and costs. (*Id.*)

It is therefore "facially apparent" from the nature of the claims alleged and the types of damages sought that the amount in controversy as to each plaintiff in this action exceeds $75,000, exclusive of interest and costs. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (it was "facially apparent" that claim exceeded $75,000 based on plaintiff's "lengthy list of compensatory and punitive damages"); *see also In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (concluding that

complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *International Padi, Inc. v. Diverlink*, 2005 WL 1635347 at *1 (9th Cir. Cal. 2005) (court considered plaintiffs' general allegations of unspecified general and special damages "reasonably believed to be in excess of the jurisdictional limits" of the trial court and their request for injunctive relief to "easily conclude" that the $75,000 amount in controversy requirement was met).

        b.    <u>Citizenship of the Parties</u>. There is complete diversity of citizenship between the parties not fraudulently joined. As alleged in the Complaint, plaintiffs are citizens variously of Arizona, California, and Iowa. (Complaint ¶¶ 1-12.) At the time the state court action was filed and at the time of this removal, OMP was and is a corporation existing under the laws of the State of Delaware, with its principal place of business in New Jersey. (Buonaiuto Dec. ¶ 4.) J&J, JJSI, JJHCS, and JJCC were and are all New Jersey corporations, with their principal places of business in New Jersey. (*Id.* ¶ 5.) JJPR&D was and is a New Jersey limited liability company, with its principal place of business in New Jersey. (*Id.* ¶ 6.) Therefore, diversity of citizenship exists between plaintiffs and those defendants not fraudulently joined, pursuant to 28 U.S.C. Section 1332.

        c.    <u>Plaintiffs Fraudulently Joined Alza and McKesson.</u> The only other named defendants in this action, Alza and McKesson, were and are Delaware corporations, with their principal places of business in Mountain View, California, and San Francisco, California, respectively. (Buonaiuto Dec. ¶ 7; Yonko Dec. ¶ 2.) Neither Alza nor McKesson has any potential liability to plaintiffs or to any of them. Rather, plaintiffs named Alza and McKesson as "sham" defendants in an effort to destroy diversity and to prevent this case from being removed to federal court and then transferred to the Ortho Evra® MDL, which is pending in the Northern District of Ohio. (Buonaiuto Dec. ¶ 10.)

A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against the defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (where non-diverse defendant is fraudulently joined, there is an exception to the requirement of complete diversity); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds"). "When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Maffei v. Allstate California Ins. Co.*, 412 F.Supp.2d 1049 (E.D.Cal. 2006), citing *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder ... federal courts may look beyond the pleadings to determine if the joinder ... is a sham or fraudulent device to prevent removal"). If revealed that the joinder is fraudulent, the Court may dismiss the sham defendant. *Maffei, supra*. Alza and McKesson are so fraudulently joined here.

Alza and McKesson are fraudulently joined because plaintiffs have not made any material allegations against them. *See e.g. Brown v. Allstate Insurance*, 17 F.Supp.2d 1134, 1137 (S.D.Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations" against those defendants were made). Indeed, these defendants are only referred to by name once each in the Complaint, when plaintiffs set forth their jurisdictional allegations. (*See* Complaint ¶¶ 15-16.) Here, as demonstrated by the Complaint, plaintiffs' claims are substantively directed against the manufacturer of Ortho Evra® – OMP, and not at Alza or McKesson. Indeed, none of plaintiffs' factual allegations, on which all of their causes of action are based, involve Alza or McKesson. (*See* "Summary of the Case" and "Factual Background" at Complaint ¶¶ 28-58.)

Specifically, plaintiffs claim that defendants: concealed knowledge of unreasonably dangerous risks associated with the product; failed to conduct adequate and sufficient post-marketing surveillance of the product; failed to provide the FDA with

complete and adequate information regarding the product; failed to warn consumers and/or their health care providers of certain risks associated with the product; and made affirmative misrepresentations and omissions regarding the risks associated with taking Ortho Evra®.[1] (*See* Complaint.) All of these claims are substantively based on failure to warn, fraudulent concealment, and inadequate post-marketing surveillance -- allegations that go to the alleged acts and omissions of the company responsible for Ortho Evra® -- OMP -- and not to the conduct of Alza, which simply served as the manufacturing site of the patches (during the limited time period 2002-2006), or of McKesson, a non-exclusive distributor of the product.

Indeed, there are zero factual allegations to support a claim against Alza or McKesson.[2] The absence of such allegations compels the conclusion that plaintiffs fraudulently joined these defendants. *See e.g. Lyons v. American Tobacco Co.*, 1997 WL 809677 at *5 (S.D.Ala. 1997) (holding that there is "no better admission of fraudulent joinder" than the failure of plaintiff "to set forth any specific factual allegations" against the joined defendant); *see also Charlin v. Allstate Ins. Co.*, 19 F.Supp.2d 1137, 1140 (CD Cal. 1998) ("a joinder is fraudulent if there is no intention to get a joint judgment, and there is no colorable ground for so claiming.") Plaintiffs cannot cure this deficiency by relying on allegations directed toward "Defendants" generally or toward OMP. *See In re PPA Products Liability Litigation*, MDL No. 1407, Docket No. C02-423R (W.D.Wash. Nov. 27, 2002), Slip Op. at 5 (attached as Exhibit C to Buonaiuto Dec.) (allegations directed toward "defendants" or "all defendants" insufficient); *Harris v. Business Transportation and Housing Agency, et al.*, 2007 1140667 at *6 (N.D.Cal. 2007) (finding that a plaintiff "must plead facts showing the connection between the

---

[1] As detailed in their Answer, filed simultaneously with this Removal, defendants deny plaintiffs' allegations and deny that they are liable to plaintiffs in any manner or sum whatsoever.

[2] Notably, as to McKesson, a non-exclusive distributor of Ortho Evra®, there are not even any allegations that it distributed or sold Ortho Evra® to plaintiffs or to any of their respective health care providers or pharmacists. (*See* Complaint.)

actions he attributes to each defendant and the claim or claims he asserts against that defendant.")

Further, even if plaintiffs had included McKesson in their allegations, under California law, McKesson bears no duty to warn plaintiffs. Rather, the "learned intermediary doctrine" provides that the duty to warn of a drug's risk runs from the manufacturer to the physician, and then from the physician to the patient. *See Brown v. Superio Court (Abbott Labs.)*, 44 Cal.3d 1049, 1061-62, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.)*, 13 Cal.4th 1104, 1116 (1996). The rationale of the learned intermediary doctrine is that the physician is in the best position to determine whether a patient should use a prescription drug, and imposing a duty to warn on others would threaten to undermine reliance on the physician's informed judgment. For this reason, California courts have rejected imposing liability on distributors, including specifically McKesson, for failure to warn of the risks of using a prescription drug. *See e.g. Barlow v. Warner-Lambert Co.*, Case No. CV-03-1647-R(RZx), Slip Op. at 2 (C.D.Cal. April 28, 2003) (attached as Exhibit D to the Buonaiuto Dec.) ("the Court finds that there is no possibility that plaintiffs could prove a cause of action against McKesson, an entity which distributed [the prescription medication at issue] to pharmacists in California;" motion to remand denied); and *Skinner v. Warner-Lambert Co.*, Case No. CV-03-1643-R(RZx), Slip Op. at 2 (C.D.Cal. April 28, 2003) (attached as Exhibit E to Buonaiuto Dec.) (same).

Given their complete failure to tie Alza or McKesson to any of the allegations in their Complaint, it is clear that plaintiffs named those entities as "sham" defendants, to prevent defendants from removing the action to federal court and then transferring it to the Ortho Evra® MDL. Courts have consistently ruled that such collusive tactics are not to be recognized. *See e.g. Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593 (9th Cir. 1996) (noting there is no more reason for federal courts to countenance destruction of jurisdiction by the use of straw parties than there is for them to countenance the creation of jurisdiction in that manner); *Grassi v. Ciba-Geigy, Ltd.*, 894

F.2d 181, 185 (5th Cir. 1990), *citing* American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Official Draft, at 169 (1969) ("Removal based on diversity of citizenship is a right conferred by Congress, the need for which 'may well be greatest when the plaintiff tries hardest to defeat it.'").

        d.    <u>Citizenship of Doe Defendants</u>. Pursuant to 28 U.S.C. Section 1441(a), for purposes of removal, the citizenship of defendants Does 1-50 must be disregarded because plaintiffs sued those defendants under fictitious names.

## REMOVAL TIMELY FILED

3.    Service was made on the respective registered agents for service of process for all defendants on April 12, 2007. (Buonaiuto Dec. ¶ 3.) Therefore, this Removal was timely filed within 30 days of service, pursuant to 28 U.S.C. § 1446(b).

## CONSENT TO REMOVAL

4.    Alza and McKesson, which were fraudulently joined, consent to defendants' removal of this action to this Court. (Buonaiuto Dec. ¶¶ 7-8.)

## STATE COURT WITHIN THE COURT'S JURISDICTION

5.    The San Francisco County, California Superior Court, from which defendants remove this action, is within this Court's jurisdiction.

## STATE COURT PLEADINGS

6.    Copies of the state court pleadings known to all defendants to have been filed in this action are collectively attached to the Buonaiuto Dec. as Exhibit A.

## FILING AND SERVICE OF NOTICE OF REMOVAL AND REMOVAL

7.    Defendants will file a notice of the filing of this Notice of Removal and Removal in the San Francisco County Superior Court and will serve plaintiffs' counsel with a copy. (Buonaiuto Dec. ¶ 9.)

/ / /

/ / /

1  WHEREFORE, defendants hereby remove to this Court San Francisco County
2  Superior Court Case No. CGC-07-460481.

Dated: May 14, 2007

DRINKER BIDDLE & REATH

_/s/ Brenda Buonaiuto_
BRENDA N. BUONAIUTO
Attorneys for Defendants