CHARLES F. PREUSS (State Bar No. 45783)
BRENDA N. BUONAIUTO (State Bar No. 173919)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants

ORIGINAL FILED
MAY 14 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JCS

MELONEY WRIGHT and DONNY WRIGHT, wife and husband; DANYELE BACON, a single woman; DIANA BURK, a single woman; TIMA LEIPHART, a single woman; NUBIA FLORES, a single woman; MOLLY KIRKPATRICK, a single woman; REYNALDA ALVARADO, a single woman; GAYLE ANDERSON, a single woman; VERONIQUE PETERS and DONNY PETERS, wife and husband; LAKEYA BASKOM, a single woman; TIFFANY LILLIE, a single woman; and LORRAINE FONTANILLA-WEBBER, on behalf of her minor daughter, ASHLEY WEBBER,

Plaintiffs,

v.

ORTHO-MCNEIL CORPORATION, a foreign corporation; JOHNSON & JOHNSON, a foreign corporation; JOHNSON & JOHNSON SERVICES, INC., a foreign corporation; JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., a foreign corporation; JOHNSON & JOHNSON RESEARCH & DEVELOPMENT, L.L.C., a foreign corporation; JOHNSON & JOHNSON CONSUMER COMPANIES INC., a foreign corporation; MCKESSON CORPORATION, a Delaware corporation; ALZA CORPORATION, a California

Case No. C 07 2541

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

corporation aka ALZA DEVELOPMENT aka ALZA INTERNATIONAL, INC., and DOES 1-50,

Defendants.

Defendants Ortho-McNeil Pharmaceutical, Inc. (erroneously sued herein as "Ortho-McNeil Corporation") ("OMP"), Johnson & Johnson ("J&J"), Johnson & Johnson Services, Inc. ("JJSI"), Johnson & Johnson Health Care Systems, Inc. ("JJHCS"), Johnson & Johnson Pharmaceutical Research & Development, L.L.C. ("JJPR&D"), Johnson & Johnson Consumer Companies, Inc. ("JJCC"), Alza Corporation (erroneously sued herein as "Alza Corporation aka Alza Development aka Alza International, Inc.") ("Alza"), and McKesson Corporation ("McKesson") (collectively, "defendants"), by and through counsel, hereby respond to the allegations set forth in plaintiffs' Complaint (the "Complaint"), as follows:

## ANSWER TO PARTIES

1. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 1.

2. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 2.

3. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 4.

5. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 5.

6. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 7.

8. Defendants are without knowledge or information sufficient to form a

belief regarding the truth of the averments set forth in Paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 12.

13. Defendants admit that J&J is a New Jersey corporations with its principal places of business in New Jersey. Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 13.

14. Defendants admit that J&J, JJSI, JJHCS, and JJCC are New Jersey corporations with their principal places of business in New Jersey. Defendants further admit that JJPR&D is a New Jersey limited liability company with its principal place of business in New Jersey. Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 14.

15. Defendants admit that McKesson is a Delaware corporation with its principal place of business in San Francisco, California and that McKesson conducts business in California. Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 15.

16. Defendants admit that Alza is a Delaware corporation with its principal place of business in Mountain View, California, and that it is a subsidiary of J&J. Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 16.

17. Defendants admit that OMP is a Delaware corporation with its principal place of business in New Jersey, that it is a subsidiary of J&J and that OMP conducts business in California. Further answering, defendants deny each and every remaining

1  allegation and averment set forth in Paragraph 17.

2      18.    Defendants deny for want of knowledge, information, and otherwise each
3  and every allegation and averment set forth in Paragraph 18.

4      19.    Defendants deny for want of knowledge, information, and otherwise each
5  and every allegation and averment set forth in Paragraph 19.

6      20.    Defendants admit that OMP and/or JJPR&D designed, manufactured,
7  marketed, sold and distributed the prescription drug Ortho Evra®. Defendants further
8  admit that McKesson is a non-exclusive distributor of Ortho Evra®. Defendants further
9  admit that Ortho Evra® is a transdermal birth control patch. Further answering,
10 defendants deny each and every remaining allegation and averment set forth in
11 Paragraph 20.

12     21.    Defendants admit that Ortho Evra® was sold and distributed nationwide,
13 including in California, Arizona, Mississippi and Iowa. Further answering, defendants
14 deny each and every remaining allegation and averment set forth in Paragraph 21.

15     22.    Defendants deny for want of knowledge, information, and otherwise each
16 and every allegation and averment set forth in Paragraph 22.

17     23.    Defendants deny for want of knowledge, information, and otherwise each
18 and every allegation and averment set forth in Paragraph 23.

19     24.    Defendants deny for want of knowledge, information, and otherwise each
20 and every allegation and averment set forth in Paragraph 24 and further deny the
21 allegations to the extent they seek to impute wrongdoing and/or liability to defendants or
22 any of them.

23     25.    Defendants admit that OMP and/or JJPR&D distributed the prescription
24 drug Ortho Evra®. Further answering, defendants deny each and every remaining
25 allegation and averment set forth in Paragraph 25.

26     26.    Defendants deny each and every allegation and averment set forth in
27 Paragraph 26.

28     27.    Defendants admit that OMP and/or JJPR&D distributed the prescription

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

drug Ortho Evra® through licensed physicians in accordance with FDA approved prescribing information and subject to the precautions, warnings, contraindications and other information provided with the subject product. Defendants deny for want of knowledge, information, and otherwise each and every other allegation and averment set forth in Paragraph 27.

## ANSWER TO SUMMARY OF THE CASE

28.    Defendants admit that OMP and/or JJPR&D designed, manufactured, marketed, advertised, sold and distributed the prescription drug Ortho Evra®, which is a transdermal patch used for the prevention of pregnancy. Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 28.

29.    Defendants deny each and every allegation and averment set forth in Paragraph 29.

30.    Defendants deny each and every allegation and averment set forth in Paragraph 30.

31.    Defendants deny each and every allegation and averment set forth in Paragraph 31.

32.    Defendants deny each and every allegation and averment set forth in Paragraph 32 and controvert the prayer for relief contained in Paragraph 32.

## ANSWER TO FACTUAL BACKGROUND

33.    Defendants admit that OMP and/or JJPR&D designed, manufactured, marketed, advertised, sold and distributed the prescription drug Ortho Evra®, which is used for the prevention of pregnancy. Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 33.

34.    Defendants admit that on or about November 20, 2001, Ortho Evra® received approval from the FDA as a prescription drug for use by physicians for the prevention of pregnancy. Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 34.

35.    Defendants deny for want of knowledge, information, and otherwise each

and every allegation and averment set forth in Paragraph 35 and further deny the allegations to the extent they seek to impute wrongdoing and/or liability to defendants or any of them.

36. Defendants deny each and every allegation and averment set forth in Paragraph 36.

37. Defendants deny each and every allegation and averment set forth in Paragraph 37.

38. Defendants deny each and every allegation and averment set forth in Paragraph 38.

39. Defendants deny each and every allegation and averment set forth in Paragraph 39.

40. Defendants admit that on the Ortho Evra® Website, it states that Ortho Evra® works in several ways to help prevent pregnancy including:

- "It helps prevent ovulation, which means that an egg is not released by one of your ovaries for fertilization.
- It thickens cervical mucus so that sperm are less likely to enter your uterus.
- It causes changes in the endometrium to reduce the likelihood of implantation."

Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 40.

41. Defendants admit that on the ORTHO EVRA® Website, it states that: "The transdermal — or 'through the skin' — weekly birth control patch prevents pregnancy by delivering continuous levels of the hormones norelgestromin and ethinyl estradiol (progestin and estrogen, respectively) through the skin and into the bloodstream." Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 41.

42. To the extent Paragraph 42 describes language in the Ortho Evra® label, defendants state that the label speaks for itself and further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 42.

43. To the extent Paragraph 43 describes language in the Ortho Evra® label, defendants state that the label speaks for itself and further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 43.

44. To the extent Paragraph 44 describes language in the Ortho Evra® label, defendants state that the label speaks for itself and further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 44.

45. Defendants deny each and every allegation and averment set forth in Paragraph 45.

46. Defendants deny each and every allegation and averment set forth in Paragraph 46.

47. Defendants deny each and every allegation and averment set forth in Paragraph 47.

48. Defendants deny each and every allegation and averment set forth in Paragraph 48.

49. Defendants deny each and every allegation and averment set forth in Paragraph 49.

50. Defendants deny each and every allegation and averment set forth in Paragraph 50.

51. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 51.

52. Defendants deny each and every allegation and averment set forth in Paragraph 52.

53. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 53.

54. Defendants deny for want of knowledge, information, and otherwise each

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

and every allegation and averment set forth in Paragraph 54 and further deny the allegations to the extent they seek to impute wrongdoing and/or liability to defendants or any of them.

55. Defendants deny each and every allegation and averment set forth in Paragraph 55.

56. Defendants deny each and every allegation and averment set forth in Paragraph 56.

57. Defendants deny each and every allegation and averment set forth in Paragraph 57.

58. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 58 and further deny the allegations to the extent they seek to impute wrongdoing and/or liability to defendants or any of them.

## ANSWER TO FIRST CAUSE OF ACTION

59. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 58 of the Complaint.

60. Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in Paragraph 60 to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties and further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 60.

61. Defendants deny each and every allegation and averment set forth in Paragraph 61.

62. Defendants deny each and every allegation and averment set forth in Paragraph 62.

63. Defendants deny each and every allegation and averment set forth in Paragraph 63 and controvert the prayer for relief contained in Paragraph 63 and the unnumbered paragraph following Paragraph 63.

## ANSWER TO SECOND CAUSE OF ACTION

64. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 63 of the Complaint.

65. Defendants deny each and every allegation and averment set forth in Paragraph 65.

66. Defendants admit that OMP and/or JJPR&D designed, manufactured, distributed, marketed, promoted and supplied the prescription drug Ortho Evra®, which was expected to reach consumers without substantial change in the condition in which it was sold and further answering, deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 66.

67. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 67.

68. Defendants deny each and every allegation and averment set forth in Paragraph 68.

69. Defendants deny each and every allegation and averment set forth in Paragraph 69. Defendants further specifically assert that plaintiffs' strict liability claim for defective design, if any, is barred by reason of the decision of the California Supreme Court in Brown v. Superior Court, 44 Cal. 3d 1049 (1988) and its progeny.

70. Defendants deny each and every allegation and averment set forth in Paragraph 70. Defendants further specifically assert that plaintiffs' strict liability claim for defective design, if any, is barred by reason of the decision of the California Supreme Court in Brown v. Superior Court, 44 Cal. 3d 1049 (1988) and its progeny.

71. Defendants deny each and every allegation and averment set forth in Paragraph 71.

72. Defendants deny each and every allegation and averment set forth in Paragraph 72.

73. Defendants deny each and every allegation and averment set forth in Paragraph 73.

74. Defendants deny each and every allegation and averment set forth in Paragraph 74.

75. Defendants deny each and every allegation and averment set forth in Paragraph 75 and controvert the prayer for relief contained in Paragraph 75 and the unnumbered paragraph following Paragraph 75.

## ANSWER TO THIRD CAUSE OF ACTION

76. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 75 of the Complaint.

77. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 77.

78. Defendants deny each and every allegation and averment set forth in Paragraph 78.

79. Defendants deny each and every allegation and averment set forth in Paragraph 79.

80. Defendants deny each and every allegation and averment set forth in Paragraph 80.

81. Defendants deny each and every allegation and averment set forth in Paragraph 81.

82. Defendants deny each and every allegation and averment set forth in Paragraph 82 and controvert the prayer for relief contained in Paragraph 82 and the unnumbered paragraph following Paragraph 82.

## ANSWER TO FOURTH CAUSE OF ACTION

83. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 82 of the Complaint.

84. Defendants admit that OMP and/or JJPR&D manufactured, promoted, advertised, sold and distributed the prescription drug Ortho Evra®. Further answering, defendants deny each and every remaining allegation and averment set forth in Paragraph 84.

85. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 85 and deny the allegations to the extent such allegations seek to impute liability to defendants or any of them.

86. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 86 and deny the allegations to the extent such allegations seek to impute liability to defendants or any of them.

87. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 87 and deny the allegations to the extent such allegations seek to impute liability to defendants or any of them.

88. Defendants deny each and every allegation and averment set forth in Paragraph 88.

89. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 89 and deny the allegations to the extent such allegations seek to impute liability to defendants or any of them.

90. Defendants deny for want of knowledge, information, and otherwise each and every allegation and averment set forth in Paragraph 90.

91. Defendants deny each and every allegation and averment set forth in Paragraph 91.

92. Defendants deny each and every allegation and averment set forth in Paragraph 92 and controvert the prayer for relief contained in Paragraph 92 and the unnumbered paragraph following Paragraph 92.

## ANSWER TO FIFTH CAUSE OF ACTION

93. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 92 of the Complaint.

94. Defendants deny each and every allegation and averment set forth in Paragraph 94.

95. Defendants deny each and every allegation and averment set forth in Paragraph 95.

96. Defendants deny each and every allegation and averment set forth in Paragraph 96.

97. Defendants deny each and every allegation and averment set forth in Paragraph 97.

98. Defendants deny each and every allegation and averment set forth in Paragraph 98.

99. Defendants deny each and every allegation and averment set forth in Paragraph 99.

100. Defendants deny each and every allegation and averment set forth in Paragraph 100.

101. Defendants deny each and every allegation and averment set forth in Paragraph 101 and controvert the prayer for relief contained in Paragraph 101 and the unnumbered paragraph following Paragraph 101.

### ANSWER TO SIXTH CAUSE OF ACTION

102. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 101 of the Complaint.

103. Defendants deny each and every allegation and averment set forth in Paragraph 103.

104. Defendants deny each and every allegation and averment set forth in Paragraph 104.

105. Defendants deny each and every allegation and averment set forth in Paragraph 105.

106. Defendants deny each and every allegation and averment set forth in Paragraph 106.

107. Defendants deny each and every allegation and averment set forth in Paragraph 107.

108. Defendants deny each and every allegation and averment set forth in Paragraph 108.

109. Defendants deny each and every allegation and averment set forth in Paragraph 109 and controvert the prayer for relief contained in Paragraph 109 and the unnumbered paragraph following Paragraph 109.

### ANSWER TO SEVENTH CAUSE OF ACTION

110. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 109 of the Complaint.

111. Defendants deny each and every allegation and averment set forth in Paragraph 111.

112. Defendants deny each and every allegation and averment set forth in Paragraph 112.

113. Defendants deny each and every allegation and averment set forth in Paragraph 113.

114. Defendants deny each and every allegation and averment set forth in Paragraph 114 and controvert the prayer for relief contained in Paragraph 114 and the unnumbered paragraph following Paragraph 114.

### ANSWER TO EIGHTH CAUSE OF ACTION

115. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 114 of the Complaint.

116. Defendants deny each and every allegation and averment set forth in Paragraph 116.

117. Defendants state that the text of the California Business & Professions Code speaks for itself and further answering, defendants deny the allegations and averments set forth in Paragraph 117.

118. Defendants deny each and every allegation and averment set forth in Paragraph 118.

119. Defendants deny each and every allegation and averment set forth in Paragraph 119.

120. Defendants deny each and every allegation and averment set forth in

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

Paragraph 120.

121. Defendants deny each and every allegation and averment set forth in Paragraph 121.

122. Defendants deny each and every allegation and averment set forth in Paragraph 122.

123. Defendants deny each and every allegation and averment set forth in Paragraph 123 and controvert the prayer for relief contained in Paragraph 123.

124. Defendants deny each and every allegation and averment set forth in Paragraph 124 and controvert the prayer for relief contained in Paragraph 124 and the unnumbered paragraph following Paragraph 124.

## ANSWER TO NINTH CAUSE OF ACTION

125. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 124 of the Complaint.

126. Defendants deny each and every allegation and averment set forth in Paragraph 126.

127. Defendants deny that plaintiffs are entitled to recover any damages, including but not limited to restitution and punitive damages, and deny the allegations of Paragraph 127 to the extent such allegations seek to impute liability to defendants or any of them.

128. Defendants state that the text of the California Business & Professions Code speaks for itself and further answering, defendants deny the allegations and averments set forth in Paragraph 128.

129. Defendants deny each and every allegation and averment set forth in Paragraph 129.

130. Defendants deny each and every allegation and averment set forth in Paragraph 130.

131. Defendants deny each and every allegation and averment set forth in Paragraph 131.

132. Defendants deny each and every allegation and averment set forth in Paragraph 132 and controvert the prayer for relief contained in Paragraph 132 and the unnumbered paragraph following Paragraph 132.

### ANSWER TO TENTH CAUSE OF ACTION

133. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 132 of the Complaint.

134. Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments set forth in Paragraph 134.

135. Defendants deny each and every allegation and averment set forth in Paragraph 135 and controvert the prayer for relief contained the unnumbered paragraph following Paragraph 135 and the unnumbered paragraph following Paragraph 135.

### ANSWER TO ELEVENTH CAUSE OF ACTION

136. Defendants incorporate by reference, as if fully set forth herein, the answers to Paragraphs 1 through 135 of the Complaint.

137. Defendants deny each and every allegation and averment set forth in Paragraph 137.

138. Defendants deny each and every allegation and averment set forth in Paragraph 138 and controvert the prayer for relief contained the unnumbered paragraph following Paragraph 138 and the unnumbered paragraph following Paragraph 138.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, statute of repose, and/or by the equitable doctrines of laches and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, release, and

waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged damages, if any are proven, were not proximately caused by any act or omission of any of defendants.

### FIFTH AFFIRMATIVE DEFENSE

If plaintiffs suffered any of the injuries, losses, and damages alleged, then said injuries, losses, and damages were a direct and proximate result of a responsible, superseding, and/or intervening cause.

### SIXTH AFFIRMATIVE DEFENSE

Defendants state that if plaintiffs suffered any of the injuries, losses, and damages alleged, then said injuries, losses, and damages were due to an allergic, idiosyncratic, or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident, or preexisting condition, without any negligence and culpable conduct by defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and damages, if any, were caused in whole or in part by the acts (wrongful or otherwise), negligence, sole fault, misuse, abuse, modification, alteration, omission, or fault of one or more persons or entities over whom defendants exercised no control and for whom defendants are not legally responsible, including, without limitation, plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exercise reasonable care and diligence to mitigate their injuries and damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the "state of the art" and "state of scientific knowledge" defenses.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Learned Intermediary Doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

The product at issue in this case falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Federal Food & Drug Administration, and therefore Federal law preempts plaintiffs' claims. See 21 U.S.C. §301 et. seq.; see also 71 Fed. Reg. 3922 (January 24, 2006).

### TWELFTH AFFIRMATIVE DEFENSE

Defendants did not make to plaintiffs nor did they breach any express or implied warranties and/or breach any warranties created by law. To the extent that plaintiffs rely on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with defendants and/or for failure of plaintiffs, or plaintiffs' representatives, to give timely notice to defendants of any alleged breach of warranty. Plaintiffs did not rely on any alleged warranty. Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future, as enacted in the State of California, and any other state whose law is deemed to apply in this case.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by comments j and k to Section 402A of the Restatement (Second) of Torts.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of product defects are barred by Section 2, 4, and 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' product liability claims are barred because the benefits of the relevant product outweighed its risks.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any imposition of punitive damages in this case against defendants is barred to the extent that the manner in which such punitive damages are calculated violates the Constitution of the United States or the Constitution of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case against defendants is barred to the extent that the amount of such an award violates the Constitution of the United States or the Constitution of the State of California.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to plead a cause of action sufficient to support a claim for punitive damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs failed to plead fraud with specificity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' strict liability claim for defective design, if any, is barred by reason of the decision of the California Supreme Court in Brown v. Superior Court, 44 Cal. 3d 1049 (1988) and its progeny.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The court lacks personal jurisdiction over one or more defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against defendants because there is no private right of action under the applicable federal law. To the extent plaintiffs' claims are based on alleged misrepresentations or omissions made to FDA, such claims are barred pursuant to <u>Buckman v. Plaintiffs' Legal Community</u>, 531 U.S. 341 (2001).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs knowingly and voluntarily assumed any and all risks associated with the use of the product at issue, barring in whole or in part the damages plaintiffs seek to recover.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

In the event defendants, or any of them, are held liable to plaintiffs, or either of them, which liability is expressly denied, or a settlement of judgment against defendants, or any of them, is reached, Defendants request an apportionment of fault be made as permitted by <u>Li v. Yellow Cab Company</u>, 13 Cal.3d 804 (1975) and <u>American Motorcycle Association v. Superior Court</u>, 20 Cal.3d 578 (1987) and a judgment and declaration of indemnification and contribution be entered against all other persons and entities in accordance with that apportionment of fault.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The amount of any award on behalf of plaintiffs, or either of them, for non-economic loss must be allocated according to the provisions of California Civil Code Section 1431.2 ("Proposition 51").

### TWENTY- SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing pursuant to Business & Professions Code Section 17204.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants specifically reserve the right to amend their Answer by adding defenses, counterclaims, cross claims or by instituting third party actions as additional

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

facts are obtained.

WHEREFORE, having fully answered, defendants specifically controvert plaintiffs' Prayer for Relief including Paragraphs (a) through (h).

### JURY DEMAND

Defendants hereby demand a trial by jury of all the facts and issues in this case pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 14, 2007

DRINKER BIDDLE & REATH LLP

*/s/ Brenda N. Buonaiuto*
BRENDA N. BUONAIUTO
Attorneys for Defendants

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

19 DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT        CASE NO.