1  CHARLES F. PREUSS (State Bar No. 45783)
   BRENDA N. BUONAIUTO (State Bar No. 173919)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Attorneys for Defendants
   ORTHO-MCNEIL PHARMACEUTICAL, INC.,
6  JOHNSON & JOHNSON, JOHNSON & JOHNSON
   SERVICES, INC., JOHNSON & JOHNSON HEALTH
7  CARE SYSTEMS, INC., JOHNSON & JOHNSON
   PHARMACEUTICAL RESEARCH &
8  DEVELOPMENT, L.L.C., JOHNSON & JOHNSON
   CONSUMER COMPANIES, INC., ALZA
9  CORPORATION, and MCKESSON CORPORATION

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13 | MELONEY WRIGHT and DONNY WRIGHT, wife and husband; DANYELE BACON, a single woman; DIANA BURK, a single woman; TIMA LEIPHART, a single woman; NUBIA FLORES, a single woman; MOLLY KIRKPATRICK, a single woman; REYNALDA ALVARADO, a single woman; GAYLE ANDERSON, a single woman; VERONIQUE PETERS and DONNY PETERS, wife and husband; LAKEYA BASKOM, a single woman; TIFFANY LILLIE, a single woman; and LORRAINE FONTANILLA-WEBBER, on behalf of her minor daughter, ASHLEY WEBBER, | **No. C 07-02541 JCS**
   |   | **DEFENDANTS' REQUEST TO STAY PROCEEDINGS PENDING TRANSFER TO ORTHO EVRA® MULTIDISTRICT LITIGATION**

            Plaintiffs,

       v.

   ORTHO-MCNEIL CORPORATION, a foreign corporation; JOHNSON & JOHNSON, a foreign corporation; JOHNSON & JOHNSON SERVICES, INC., a foreign corporation; JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., a foreign corporation; JOHNSON & JOHNSON RESEARCH & DEVELOPMENT, L.L.C., a foreign corporation; JOHNSON &JOHNSON CONSUMER COMPANIES INC., a

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

REQUEST TO STAY PENDING TRANSFER TO MDL                            CASE NO. C 07-02541 JCS

foreign corporation; MCKESSON CORPORATION, a Delaware corporation; ALZA CORPORATION, a California corporation aka ALZA DEVELOPMENT aka ALZA INTERNATIONAL, INC., and DOES 1-50,

Defendants.

Defendants Ortho-McNeil Pharmaceutical, Inc. (erroneously sued herein as "Ortho-McNeil Corporation"), Johnson & Johnson, Johnson & Johnson Services, Inc., Johnson & Johnson Health Care Systems, Inc., Johnson & Johnson Pharmaceutical Research & Development, L.L.C., Johnson & Johnson Consumer Companies, Inc., Alza Corporation (erroneously sued herein as "Alza Corporation aka Alza Development aka Alza International, Inc."), and McKesson Corporation (collectively, "Defendants"), by and through counsel, request that the Court stay all proceedings in this case pending transfer to the Multidistrict Litigation ("MDL") Court, and as grounds submit the following:

## I. INTRODUCTION

This case is one of a number of similar lawsuits which have been filed by plaintiffs in various federal courts around the country alleging injury from the Ortho-Evra® contraceptive patch. On March 1, 2006, the Judicial Panel on Multidistrict Litigation ("JPML") created MDL 1742, *In re: Ortho Evra Products Liability Litigation*, ruling that all federal actions involving allegations of injury or death from use of the prescription drug Ortho Evra® be centralized for pre-trial purposes in the United States District Court for the Northern District of Ohio, before the Honorable David A. Katz, Case Number 1:06-CV-40000-DAK. To date, over 400 cases have been transferred to MDL 1742, and transfers of additional "tag-along" actions are pending. Defendants are requesting that this action be deemed a "tag-along" and transferred to MDL 1742.

Accordingly, to conserve judicial resources and to prevent inconsistent pretrial orders, Defendants request that this Court stay all proceedings in this case, including but

not limited to vacating the initial Case Management Conference, set for August 17, 2007, and the deadlines to file a Joint ADR Certification (July 27, 2007) and Rule 26(f) Reports and Case Management Conference Statements (August 10, 2007), pending transfer to the MDL.

## II. ARGUMENT

### A. A STAY OF PROCEEDINGS IS WARRANTED IN THIS CASE

The proceedings in this case should be stayed pending transfer to the MDL, as such a stay would facilitate the uniform and efficient resolution of pretrial issues common to all federal Ortho Evra® cases. Title 28, section 1407(a) of the United States Code provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." The primary purpose of consolidating such cases is "to eliminate duplicative discovery, prevent inconsistent pretrial rulings [ ]; conserve the resources of the parties, their counsel and the judiciary" and avoid conflicting scheduling requirements. *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp.2d 1383, 1384 (J.P.M.L. 2001): *In re Eastern Airlines, Inc., Flight Attendant Weight Program Litig.,* 391 F. Supp. 763, 764 (J.P.M.L. 1975) (same). The MDL process was created to more efficiently use federal judicial resources and ensure more consistent results in large, complex litigation. *In re Eastern District Airlines, Inc., Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975).

As a result, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (citing cases); *see also Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360-61 (C.D.Cal. 1997) (staying action pending transfer decision by MDL panel). In this case as well, the MDL court should be permitted to coordinate all Ortho-Evra® pretrial matters, to fulfill and maximize the benefits of MDL. The JPML has

consolidated the Ortho-Evra® litigation and the MDL Court is coordinating pretrial proceedings and has issued over a dozen case management orders to date. As such, permitting pretrial matters to proceed here while awaiting transfer to the MDL court would invite the very problems the MDL proceedings were designed to avoid: duplication of discovery and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial resources.

### III.  CONCLUSION

Defendants respectfully request that, pending transfer of this action to MDL 1742 and to achieve the judicial economies that underlie the MDL Litigation Procedures, this Court stay this action and vacate the initial Case Management Conference, set for August 17, 2007. For the same reasons, Defendants further request that the Court relieve the parties of the obligations to submit ADR Certifications on July 27, 2007 and Rule 26(f) Reports and Case Management Conference Statements on August 10, 2007.

Dated: May 15, 2007                             DRINKER BIDDLE & REATH

/s/ Brenda N. Buonaiuto
BRENDA N. BUONAIUTO
Attorneys for Defendants
ORTHO-MCNEIL PHARMACEUTICAL, INC., JOHNSON & JOHNSON, JOHNSON & JOHNSON SERVICES, INC., JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, L.L.C., JOHNSON &JOHNSON CONSUMER COMPANIES, INC., ALZA CORPORATION, and MCKESSON CORPORATION